# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JERRY LEE JOHNSTON JR.,

              Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

              Defendant.

2:08-cv-01161-JCM-PAL

**ORDER & REPORT OF FINDINGS AND RECOMMENDATION**

(Mtn Proceed Pauper - Dkt. ##1, 5)
(Mtn Reopen/Dismiss Case - Dkt. ##2, 4)

On September 2, 2008 and September 25, 2008, Petitioner Jerry Lee Johnston Jr. submitted a Motion to Proceed in the Manner of a Pauper (Dkt. ##1, 5), a Motion to Reopen or Dimiss [sic] Case # (Dkt. ##2, 4), and a letter (Dkt. #3). This was referred to this court by Local Rule IB 1-9. Plaintiff did not pay the required filing fee of $350.00 or file an application to proceed *in Forma Pauperis* in compliance with 28 U.S.C. § 1915(a)(1) and (2) and Local Rules LSR 1-1 and 1-2. As a result, Johnston's Motions to Proceed in the Manner of a Pauper will be denied.

Furthermore, Johnston's filings fail to state any cognizable claim upon which relief can be granted. It appears that Johnston is alleging various individuals were negligent and seeks to have a criminal conviction dismissed or, alternatively, to have the case reopened. Johnston states that his court-appointed attorneys did not provide him with effective assistance, that he was mentally incompetent to assist in his defense, and that his lack of education prevented him understanding the nature of his actions that led to the criminal conviction.

Johnston states he is not guilty of the crime of which he was convicted, and he served the most amount of time of any of his co-defendants. He, therefore, asks to be compensated and for the

/ / /

/ / /

criminal charges to be taken off his record.  Johnston does not state whether his conviction arose out of a state or federal prosecution.  It is well-settled that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise.  See, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). Moreover, the Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination. or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 484 (1994) (stating "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions"). Thus, even if Johnston had filed the correct application and complaint forms, this court lacks jurisdiction to grant Johnston the relief sought.

Due to the multiple defects presented, the court will recommend dismissal of this case without prejudice to the filing of a new action on a proper complaint or petition form accompanied by a properly completed *in forma pauperis* application or payment of the filing fee.

Based on the foregoing,

**IT IS ORDERED** that:

1. The Motions to Proceed in the Manner of a Pauper (Dkt. ##1, 5) are DENIED.
2. The Motions to Motion to Reopen or Dimiss [sic] Case # (Dkt. ##2, 4) are DENIED.

**IT IS RECOMMENDED** that:

1. This action be DISMISSED without prejudice to the filing of a new action with a complaint or petition on the required form that is accompanied by wither the required filing fee or a properly completed application to proceed *in forma pauperis*.
2. The clerk of court enter final judgment accordingly.

/ / /
/ / /
/ / /
/ / /

3. The clerk of court send Johnston a copy of an *in forma pauperis* application form, instructions, a blank section 1983 complaint form, and the papers Johnston filed in this action.

Dated this 14th day of October, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within ten (10) days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.